**SO ORDERED.**

**SIGNED this 8 day of December, 2022.**



_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

IN RE:                                                                                    CASE NO. 22-00536-5-DMW

**J AND M SUPPLY OF THE CAROLINAS, LLC**
                                                                                          CHAPTER 11
            DEBTOR

## ORDER DENYING MOTION FOR TURNOVER
## OF PROPERTY IN SATISFACTION OF JUDGMENT DEBT

This matter comes before the court upon the Motion Under 11 U.S.C. § 542(b) to Require Payment of Debt Owed to the Estate ("Turnover Motion") filed by J and M Supply of the Carolinas, LLC ("Debtor") on August 23, 2022 and the Response filed by GFE NY, LLC ("GFE") on September 9, 2022. The court conducted a hearing on October 13, 2022 in Raleigh, North Carolina. Richard P. Cook, Esq. appeared for the Debtor, and Byron L. Saintsing, Esq. appeared for GFE. At the conclusion of the hearing, the court took the matter under advisement. After further consideration of the pleadings, applicable law, and arguments of counsel, the court denies the Turnover Motion.

Background

The Debtor filed a voluntary petition for relief under Chapter 11, Subchapter V of the United States Bankruptcy Code[1] on March 11, 2022 and is a debtor-in-possession pursuant to § 1182(2). The Debtor operates a sporting goods retail store and provides firearm and first aid training instruction.

Also on March 11, 2022, the Debtor initiated Adversary Proceeding Number 22-00040-5-DMW ("Avoidance AP") by filing a Complaint against GFE, seeking a declaratory judgment that two Merchant Agreements between the Debtor and GFE were loans with usurious interest rates and void under New York law and seeking avoidance and recovery of payments from the Debtor to GFE made under the Merchant Agreements totaling $77,994.90 pursuant to §§ 548(a) and 550(a), respectively. GFE did not timely answer or otherwise respond to the Complaint, and on April 14, 2022, the clerk entered GFE's default. On May 2, 2022, the court entered a Default Judgment[2] which provides, *inter alia*, that the Debtor "shall recover $77,994.90 from [GFE] under 11 U.S.C. § 550(a)(1)."

On June 13, 2022, the clerk issued a Writ of Execution which directed the United States Marshals Service ("USMS") to levy upon property of GFE to satisfy the Default Judgment. The Debtor reports that the USMS seized a bank account maintained by GFE at JPMorgan Chase Bank, N.A. ("Chase"), but no funds have been recovered and paid toward the Default Judgment. In the Turnover Motion, the Debtor requests the court to enter an order requiring GFE and Chase "to turnover [sic] all assets, property, and other interests, wherever located, that is [sic] titled in the

---

[1] Except for within formal citations, references to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, will be by section number only.

[2] On August 23, 2022, GFE filed a Motion to Set Aside Entry of Default and Default Judgment and Motion to Stay Execution. The court denied orally these motions at a hearing conducted on August 30, 2022, and entry of a written order is pending.

name of the judgment debtor, owned by the judgment debtor, and/or held on behalf of the judgment debtor" to be applied toward satisfaction of the Default Judgment pursuant to § 542(b), or alternatively, pursuant to N.C. Gen. Stat. § 1-362. In its Response, GFE asserts that the Debtor's request exceeds the scope of § 542(b) and is an attempt to sidestep the normal procedures for enforcing and executing on a monetary judgment.

<u>Discussion</u>

*11 U.S.C. § 542(b)*

Section 542(b) of the Bankruptcy Code directs that—

> an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

11 U.S.C. § 542(b). This subsection is a statutory command that matured debts owed to the bankruptcy estate be paid to the trustee without the necessity of a court order. *In re Randolph Towers Coop., Inc.*, 458 B.R. 1, 6 (Bankr. D.D.C. 2011). Although a debtor-in-possession with the rights and powers of a trustee under §§ 1107 or 1184 certainly has the right to collect debts owed to it, § 542(b) is more relevant in cases with appointed trustees and intended "simply as an acknowledgement that the trustee, not the debtor, is entitled to receive payment of monetary obligations owed to the debtor." *In re Bernstein*, 252 B.R. 846, 852 (Bankr. D.D.C. 2000).

A threshold requirement of § 542(b) is that the debt be property of the estate. The Debtor contends, and GFE concedes, that the Default Judgment is property of the estate pursuant to § 541(a)(3), which includes as property of the estate any interest in property that the trustee recovers under § 550. GFE disputes, however, that any of its assets are property of the estate that are subject to turnover under § 542(b). The court agrees and finds that § 542(b) provides the Debtor only the right to demand that GFE pay the amount due under the Default Judgment.

Another requirement of § 542(b) is that the debt sought to be paid is undisputed. The court disagrees with GFE's suggestion that the debt remains in dispute after entry of the Default Judgment; however, the court believes the nature of the post-petition debt does not align with the purpose of § 542(b). At the commencement of its case, the Debtor had no right to demand payment from GFE under § 542(b) and appropriately initiated the Avoidance AP to avoid and recover alleged fraudulent transfers of money. Rather than complete execution proceedings on the resulting Default Judgment, the Debtor is now seeking a presumably contemptible turnover order directing GFE to promptly satisfy the Default Judgment. At the hearing, the Debtor's counsel reasoned that seeking this order by motion was appropriate, because it would be "counterintuitive" to use an adversary proceeding to collect on an adversary proceeding.

The Debtor cites *In re Gallo*, 573 F.3d 433 (7th Cir. 2009) and *United States v. Arkison (In re Cascade Roads, Inc.)*, 34 F.3d 756 (9th Cir. 1994) in support of its argument that § 542(b) is the appropriate vehicle for demanding payment of a judgment debt owed to the estate. The court does not interpret these cases to authorize using § 542(b) as a substitute for collecting on a judgment through normal execution proceedings. Both cases consider predominantly whether judgment debtors had claims which could be setoff from the amounts due the bankruptcy estates, an exception provided in § 542. Upon determining that they did not, the circuit courts of appeal affirmed orders finding that the amounts due under the judgments must be paid to the trustees pursuant to § 542(b).

In *Gallo*, the United States Court of Appeals for the Seventh Circuit additionally rejected the judgment debtor's proffer that her inability to pay was an exception to her turnover obligations set forth in § 542(b) and contemplated whether the bankruptcy court might later consider civil contempt if the judgment debtor fails to comply with the turnover order. *Gallo*, 573 F.3d at 440-

4

41. This court agrees with *Randolph Towers* that "a refusal to honor a trustee's demand for turnover pursuant to § 542(b) cannot give rise to contempt … [and] [a] trustee's remedy when an account obligor fails to comply with 11 U.S.C. § 542(b) is to sue to enforce that provision." *Randolph Towers*, 458 B.R. at 6. If the Debtor initiates an adversary proceeding against GFE to enforce payment of the amount owed under the Default Judgment, then it could obtain no more than what it already has—a monetary judgment. In this respect, the Debtor is correct that initiating an adversary proceeding is counterintuitive, and the court believes that doing so is unnecessary and futile, because the Debtor already possesses a judgment against GFE. The court will not enter a turnover order that will bypass standard execution procedures on the Default Judgment.

*N.C. Gen. Stat. § 1-362*

Execution procedures for federal money judgments are governed by Rule 69 of the Federal Rules of Civil Procedure, which provides that—

> [a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1). The Debtor asserts that this rule empowers the court to order GFE and Chase to turn over available property to satisfy the Default Judgment pursuant to the following North Carolina supplemental proceedings statute:

> **Debtor's property ordered sold.** The court or judge may order any property, whether subject or not to be sold under execution … in in the hands of the judgment debtor or of any other person, or due to the judgment debtor, to be applied towards the satisfaction of the judgment …

N.C. Gen. Stat. § 1-362. Unlike § 542(b), this statute could permit a turnover of GFE assets, including the Chase account, which are not property of the Debtor's bankruptcy estate.

5

Rule 7069 of the Federal Rules of Bankruptcy Procedure makes Rule 69 applicable to *adversary proceedings*. If the Debtor desires the court to provide supplemental aid in execution of the Default Judgment, then a motion should be filed within the Avoidance AP and not the Debtor's bankruptcy case. Even if the request was properly before the court, the Debtor has not presented sufficient evidence to establish a right to relief under N.C. Gen. Stat. § 1-362.

This federal district recognizes that "[s]ince the procedure on execution under Rule 69 is the procedure of the state of the district court, this court must look to the state statutes and decisions to determine the availability of supplemental proceedings." *Fed. Deposit Ins. Corp. v. Brit.-Am. Corp.*, 726 F. Supp. 622, 630 (E.D.N.C. 1989) (citing *Defoe v. Town of Rutherfordton*, 122 F.2d 342 (4th Cir. 1941)). The supplemental proceedings statutes contained in Article 31 of the North Carolina General Statutes provide for "supplemental proceedings, equitable in nature, after execution against a judgment debtor is returned unsatisfied to aid creditors to reach property of every kind subject to the payment of debts which cannot be reached by the ordinary process of execution. These proceedings are available only after execution is attempted." *Brit.-Am. Corp.*, 726 F. Supp. at 631 (quoting *Massey v. Cates*, 2 N.C. App. 162, 164, 162 S.E.2d 589, 591 (1968)).

The Debtor made no showing that the Writ of Execution has been returned as unsatisfied, and the USMS' seizure of a GFE account with Chase suggests that the execution proceeding is pending and incomplete. Should the execution be later returned unsatisfied, then the Debtor may file a motion in the Avoidance AP for the court to utilize N.C. Gen. Stat. § 1-362 to order that available property held by GFE, Chase, or another third party be surrendered or sold to satisfy the Default Judgment. The Debtor's current request for supplemental relief is not only misplaced but premature; now therefore,

It is ORDERED, ADJUDGED, and DECREED that the Turnover Motion be, and hereby is, denied.

END OF DOCUMENT